[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS FOR CONTEMPT (DOCKET ENTRIES NOS. 121.00 AND 125.00)
The plaintiff has moved that the defendant be found in contempt for failure to pay the mortgage upon the property at 111 Sport Hill Road, Easton, Connecticut, subsequent to the decree of dissolution (May 12, 1993) and up to the date of her vacating of said property. It is alleged by the plaintiff that the defendant's failure to pay resulted in a deficiency upon the sale of the property of $4,642.82. Whatever obligation the defendant had with regard to the mortgage is set forth in Article 6.2 of the separation agreement executed by the parties.
It is clear from the agreement that the parties contemplated a mortgage foreclosure. (See Article 6.2(c).) The parties further contemplated that the defendant might elect not to pay the mortgage during the months of May, June or July, 1993 (see Article 6.2(e)). Article 6.2(c) provided that any deficiency for May, June or July would be shared 50/50 by the parties. Article 6.2(d) provided that any deficiency attributable to the defendant's occupancy and failure to pay after July 30, 1993 would be the defendant's sole responsibility but only for the period of her occupancy. The defendant vacated the premises at 111 Sport Hill Road and commenced renting a house in Easton on October 1, 1993.
The monthly mortgage payment for the home at 111 Sport Hill Road was $3,100 per month. It was impossible for the defendant to pay this amount monthly on a net weekly wage of $482.00, alimony of $1,600 per month and support of $1,900 per month for three minor children, then nine, six and four years of age.
Inability to pay is a good defense to the charge of contempt. Mallory v. Mallory, 207 Conn. 48, 57 (1988). The court does not find the defendant in contempt and denies the CT Page 10921 plaintiff's motion.
The plaintiff claims that had the mortgage been paid the sale of the property would have resulted in a gain of $16,000 or $17,000 or one half that amount as his share, that is $8,000. Instead there was a deficiency of $4,642, or a loss of what he claims to be $8,000.
The plaintiff's motion also alleges that the defendant has failed to pay her share of the 1992 taxes amounting to $2,400 in accordance with Article 5.3(d) and 8.2 of the agreement. This the defendant admits and states that she did not have the money to make this payment to the plaintiff.
The court finds that the defendant did have an inability to pay and does not find her in contempt.
The motion also alleges that the defendant has failed to abide by the terms of Article 3.3 of the agreement in that she has acted in a fashion so as "to estrange the children from him and made derogatory remarks and sought to hamper the free and mutual development" of the children's love and respect for him.
There was no evidence to support these allegations, and the court does not find a breach of the agreement on the defendant's part.
The defendant claims that the plaintiff is in contempt for failing to pay the second installment of $6,000 as required by Article 6.9, which payment was to be made thirty (30) days prior to the defendant's relocation from 111 Sport Hill Road. Said payment of $6,000 was not paid by the plaintiff to the defendant. There has been no explanation for this nonpayment. Since the payment of $6,000 was due thirty (30) days prior to the defendant's vacating the residence at 111 Sport Hill Road, it was due to be paid prior to any deficiency payment on the mortgage. Thus it is that the plaintiff had failed to abide by the court's orders for payment before any determination of the mortgage deficiency, although it was clear that the defendant owed money for the months of August and September and half with the plaintiff for the months of May, June and July.
As to the plaintiff's motion, one might observe that one who seeks equity must do equity. The court does not find that the plaintiff has done equity by not paying the second $6,000 payment CT Page 10922 by way of property settlement.
The court finds the plaintiff in contempt. The amount of $6,000 owed to the defendant, however, is less than the sums the defendant should have paid to the plaintiff but was unable to do so. The court, therefore, finds no arrearage due to either party.
However, in view of the court's finding that the plaintiff is in contempt, the court allows counsel fees to the defendant pursuant to § 46b-87 of the General Statutes. The plaintiff shall purge himself of his contempt by paying the sum of One Thousand ($1,000) Dollars to defendant as attorney's fees on this motion within thirty (30) days of the date hereof.
Plaintiff's Motion for Contempt is denied.
Defendant's Motion for Contempt is granted.
Defendant shall pay $1,000 in attorney's fees within thirty (30) days of the date hereof.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE